UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

YVONNE M PRICE,

          Plaintiff,

   v.

NANCY A BERRYHILL, Deputy Commissioner of Social Security for Operations,

          Defendant.

CASE NO. 3:17-CV-05889-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when she failed to provide any specific and legitimate reason, supported by substantial evidence, to discount a joint opinion from Dr. Minerva Arrienda, M.D., and Ms. Dianna Padgett, M.A., LMFTA. Had the ALJ properly considered the opinion evidence from Dr. Arrienda and

Ms. Padgett, the residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is therefore not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Deputy Commissioner of Social Security for Operations ("Commissioner") for further proceedings consistent with this Order.

Because the Court is reversing and remanding this matter due to the ALJ's harmful errors in assessing the medical opinion evidence, the Court denies Plaintiff's "Amended Motion for Remand Pursuant to § 405(g) (Sentence Six)" ("Motion to Remand") (Dkt. 24) as moot.

## FACTUAL AND PROCEDURAL HISTORY

On November 12, 2013, Plaintiff filed an application for DIB, alleging disability as of August 31, 2010.[1] *See* Dkt. 14, Administrative Record ("AR") 16. The application was denied upon initial administrative review and on reconsideration. *See* AR 16. ALJ Marilyn S. Mauer held a hearing on November 24, 2015. AR 35-81. In a decision dated February 9, 2016, the ALJ determined Plaintiff to be not disabled. AR 13-14. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-7; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by failing to: (1) provide any specific and legitimate reason to discount an opinion rendered by Dr. Arrienda and Ms. Padgett; (2) properly assess Plaintiff's subjective symptom testimony; and (3) properly support with substantial evidence her analysis of Plaintiff's RFC, the Medical Vocational Guidelines criteria ("grids"), and the Step Five findings. Dkt. 16, pp. 4-13. Plaintiff requests an award of benefits as a result of these errors. *Id.* at 1-2.

---

[1] Plaintiff subsequently amended her onset date to September 1, 2013. *See* AR 16 (citing AR 338-39).

After Plaintiff filed the Opening Brief, Plaintiff filed a Motion to Remand.[2] Dkt. 24. In the Motion to Remand, Plaintiff argued remand pursuant to sentence six of § 405(g) is appropriate in light of new, material evidence from Dr. James R. Hopfenbeck, M.D. *Id.* On July 18, 2018, Defendant filed a Response to the Motion (Dkt. 20), and on August 2, 2018, Plaintiff filed a Reply (Dkt. 26).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I. Whether the ALJ properly considered the medical opinion evidence.**

Plaintiff argues the ALJ failed to provide any specific, legitimate reason, supported by substantial evidence, to discount an opinion from Dr. Arrienda and Ms. Padgett. Dkt. 16, pp. 7-10.

An ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043

---

[2] Plaintiff initially filed the Motion to Remand on July 13, 2018. Dkt. 19. On July 27, 2018, Plaintiff filed an Amended Motion to Remand due to redaction errors. Dkt. 24; *see also* Dkt. 22 ("Unopposed Motion and Declaration Allowing Filing of Amended Motion to Remand"); Dkt. 25 ("Order").

(9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).[3]

Dr. Arrienda and Ms. Padgett provide Plaintiff with ongoing mental health treatment at the same clinic. *See, e.g.*, AR 491-94, 503-04 (treatment notes); *see also* AR 55 (Plaintiff discussing ongoing treatment at the hearing). Plaintiff has received care at this clinic since June 2014. *See* AR 55, 525-26. On August 20, 2015, Dr. Arrienda and Ms. Padgett provided a single Medical Source Statement about Plaintiff's mental functioning and associated limitations. AR 528-31. The Medical Source Statement lists categories which rate the degree Plaintiff's "performance/productivity" is limited in various areas of mental functioning. *See* AR 528-30. For instance, Dr. Arrienda and Ms. Padgett opined Plaintiff was precluded from performance/productivity for 10% of an eight-hour work day in her ability to remember locations and work-like procedures. AR 528. In addition, Dr. Arrienda and Ms. Padgett opined Plaintiff was precluded from performance/productivity for 20% of an eight-hour work day in each of the following areas: the ability to understand and remember very short and simple instructions; the ability to carry out short and simple instructions; the ability to maintain attention and concentration for extended periods; and the ability to make simple work-related decisions. AR 528-29.

Dr. Arrienda and Ms. Padgett further found Plaintiff precluded from performance/productivity for 30% of an eight-hour work day in her ability to: understand and

---

[3] As a therapist, Ms. Padgett is an "other" medical source whose opinion may be discounted with germane reasons. *See* 20 C.F.R. § 404.1513(a) (effective Sept. 13, 2013 to Mar. 26, 2017); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2011). However, because Dr. Arrienda is an "acceptable medical source" who also rendered this opinion, the Court applies the higher "specific and legitimate" standard.

remember detailed instructions; carry out detailed instructions; and perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances. AR 528-29. They likewise determined Plaintiff would be precluded from performance/productivity for 30% of an eight-hour work day in each of the following areas: her ability to sustain an ordinary routine without special supervision; her ability to work in coordination with or proximity to others without being unduly distracted by them; and her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms, and perform at a consistent pace without an unreasonable number and length of rest periods. AR 529.

Moreover, Dr. Arrienda and Ms. Padgett determined Plaintiff was precluded from performance/productivity for 30% of an eight-hour work day in her ability to interact appropriately with the general public, and accept instructions and respond appropriately to criticism from supervisors. AR 528-29. Dr. Arrienda and Ms. Padgett also opined Plaintiff was precluded from performance/productivity for 30% of an eight-hour work day in the ability to maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness; respond appropriately to changes in the work setting; be aware of normal hazards and take appropriate precautions; travel in unfamiliar places or use public transportation; and set realistic goals or make plans independently of others. AR 530. Dr. Arrienda and Ms. Padgett wrote that Plaintiff's limitations existed at these severity levels since June 16, 2014, and had lasted or would be expected to last for at least twelve continuous months at the assessed severity levels. AR 530.

With respect to absenteeism, Dr. Arrienda and Ms. Padgett opined Plaintiff would likely miss five or more days of work per month due to her mental health impairments, including episodes of depression and panic attacks. AR 531. Ultimately, Dr. Arrienda and Ms. Padgett

determined Plaintiff was precluded from performing a job, or "off-task," for more than 30% of a day due to "cognitive problem[s], memory deficits, [and] difficulty with concentration." AR 531.

In an accompanying narrative statement, Dr. Arrienda and Ms. Padgett wrote that although Plaintiff had experienced a "decrease in suicidal thoughts" and improved "ability to leave home to attend most therapy sessions" since starting treatment, she otherwise had "no functional improvements." AR 531. Dr. Arrienda and Ms. Padgett wrote Plaintiff was "not able to follow simple instructions [without] assistance," and "not able to complete simple assessments." AR 531. Further, Dr. Arrienda and Ms. Padgett found Plaintiff appeared "easily traumatized during discussions." AR 531. They also wrote they had not observed improvements in Plaintiff's "levels of or ability to cope with anxiety and depression." AR 531. Dr. Arrienda and Ms. Padgett wrote that their assessment was based on progress and office notes, psychological evaluations and reports/opinions, and face-to-face and phone sessions with Plaintiff. AR 530.

The ALJ gave "[l]imited weight" to Dr. Arrienda and Ms. Padgett's opinion for five reasons:

> (1) The record establishes that the claimant participated [sic] the completion of the form. Therefore, the responses do not represent an independent exercise [sic] medical judgment. (2) In addition, Dr. Arrienda, only saw the claimant on one occasion and did not establish a treating relationship with her. (3) Ms. Padgett is not an acceptable medical source for diagnosis. (4) Furthermore, both providers who affirmatively signed the form stated that in their opinion the limitations existed from as of June of 2014, when treatment commenced[.] (5) Finally, the comment that the claimant is not able to follow simple instructions is not consistent with her mental status examination during the consultative examination or her longitudinal treatment record.

AR 26 (internal citations omitted) (numbering added).

First, the ALJ discounted Dr. Arrienda and Ms. Padgett's opinion because the ALJ found Plaintiff "participated" in completing the form, and thus, their opinions did not "represent an

independent exercise" of medical judgment. AR 26. An ALJ may reject a physician's opinion "if it is based to a large extent on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (citation and internal quotation marks omitted). Regardless, however, the ALJ's reasons for discounting an opinion must be supported by substantial evidence in the record. *See Bayliss*, 427 F.3d at 1214 n.1, 1216.

In this case, the ALJ failed to explain why or how the record "establishes" that Plaintiff participated in completing the form. *See* AR 26; *Treichler v. Comm'r of Soc. Sec. Admin.,* 775 F.3d 1090, 1103 (9th Cir. 2014) (citation omitted) ("the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence"). Additionally, Dr. Arrienda and Ms. Padgett wrote that they based their opinion on progress and office notes, psychological evaluations and reports/opinions, and face-to-face and phone sessions with Plaintiff – not Plaintiff's reports or alleged participation. AR 530. Hence, the ALJ's finding that Dr. Arrienda and Ms. Padgett's opinion was not an independent exercise of medical judgment was erroneous because it was not supported by substantial evidence in the record.

Defendant argues the ALJ's first reason for discounting Dr. Arrienda and Ms. Padgett's opinion should be affirmed because Ms. Padgett wrote in a treatment note two days before rendering this opinion that she reviewed a questionnaire from Plaintiff's attorney's office. Dkt. 17, pp. 3-4 (citing AR 640). Defendant argues this shows Ms. Padgett acted as an advocate instead of "as an unbiased treatment provider[.]" *Id.* at 4. Notably, the ALJ did not reference this treatment note, nor did she claim Ms. Padgett was advocating for Plaintiff. *See* AR 26. The Court cannot "affirm the decision of an agency on a ground the agency did not invoke in making its decision." *Stout v. Comm'r of Soc. Sec. Admin*, 454 F.3d 1050, 1054 (9th Cir. 2006) (internal

quotation marks and citation omitted). "Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ – not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (emphasis in original) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)) (other citation omitted). Furthermore, the fact that Ms. Padgett reviewed the questionnaire with Plaintiff does not necessarily show she was advocating for Plaintiff or acting in an unbiased manner. As such, Defendant's post hoc argument is without merit.

Second, the ALJ gave limited weight to Dr. Arrienda and Ms. Padgett's opinion because Dr. Arrienda only saw Plaintiff "on one occasion and did not establish a treating relationship with her[.]" AR 26. When assessing a medical opinion, "it is the quality, not the quantity of the examination that is important." *See Yeakey v. Colvin*, 2014 WL 3767410, at *6 (W.D. Wash. July 31, 2014). An ALJ should assess a treating relationship "as a series of points on a continuum reflecting the duration of the treatment relationship and the frequency and nature of the contact." *Benton v. Barnhart*, 331 F.3d 1030, 1038 (9th Cir. 2003). Accordingly, discrediting Dr. Arrienda simply because she saw Plaintiff once was not a specific and legitimate reason for doing so. *See id.*; *see also Yeakey*, 2014 WL 3767410, at *6.

Moreover, the Ninth Circuit has held that a psychiatrist who oversees a claimant's care by supervising the claimant's treatment team may be considered a treating source, even if she only sees the claimant one time. *Benton*, 331 F.3d at 1037-39. This is because a supervising psychiatrist "has had the opportunity to direct and communicate with the treatment team over time, and is presumably well placed to know their skills, abilities, and therapeutic techniques." *Id.* at 1039. Hence, a supervising psychiatrist "is transmitting both [her] own knowledge and

opinion of [the claimant] *and* those of the medical treatment team under [her] supervision" when she provides an assessment about a claimant's limitations. *Id.* (emphasis in original).

In this case, the record shows Dr. Arrienda oversees Plaintiff's care by arranging her treatment team at the clinic, communicating with her treatment team, and managing her medications. *See, e.g.*, AR 486 (Ms. Padgett noting she and Plaintiff discussed seeing Dr. Arrienda for follow-up); AR 491, 494 (Ms. Padgett noting Plaintiff was scheduled for psychiatric evaluation and medication management with Dr. Arrienda); AR 502-04 (Dr. Arrienda conducting psychiatric evaluation and medication management, and directing Plaintiff to see her again in six weeks and see Ms. Padgett "on a regular basis"). But, the ALJ failed to consider the evidence of Dr. Arrienda's "ongoing prescription and medication management" and consultations with Plaintiff's treatment team. *See Benton*, 331 F.3d at 1039; AR 26. Because the ALJ failed to consider Dr. Arrienda's supervisory role in Plaintiff's treatment, the ALJ's finding that Dr. Arrienda did not establish a treating relationship was not supported by substantial evidence in the record. *See Benton*, 331 F.3d at 1037-39.

Third, the ALJ rejected Dr. Arrienda and Ms. Padgett's opinion because Ms. Padgett is not an acceptable medical source. AR 26. The fact that a medical opinion comes from an "'acceptable medical source' is a factor that may justify giving that opinion greater weight than an opinion from a medical source who is not an 'acceptable medical source[.]'" *See* Social Security Ruling ("SSR") 06-03P, 2006 WL 2329939, at *5 (Aug. 9, 2006). However, "after applying the factors for weighing opinion evidence, an opinion from a medial source who is not an 'acceptable medical source' may outweigh the opinion of an 'acceptable medical source[.]'" *Id.* As such, an ALJ may not reject an opinion from a therapist merely because she

is not an "acceptable medical source," as the ALJ did here. *See* AR 26; *Lewis*, 236 F.3d at 511 (other medical source testimony "is competent evidence that an ALJ must take into account").

Additionally, Dr. Arrienda, as a medical doctor, is an acceptable medical source. *See* AR 531; 20 C.F.R. § 404.1513(a)(1). The ALJ did not explain how the fact that Ms. Padgett is not acceptable medical source invalidates Dr. Arrienda's opinion. *See* AR 26; *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("the agency [must] set forth the reasoning behind its decisions in a way that allows for meaningful review"). Thus, in all, this reason from the ALJ was not specific and legitimate nor supported by substantial evidence in the record.

Fourth, the ALJ gave Dr. Arrienda and Ms. Padgett's opinion limited weight because they opined the limitations "existed from as of June of 2014, when treatment commenced." AR 26. An ALJ cannot reject a medical opinion in a vague or conclusory manner. As the Ninth Circuit has stated:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer [her] conclusions. [She] must set forth [her] own interpretations and explain why they, rather than the doctors', are correct.

*Embrey,* 849 F.2d at 421.

Here, the ALJ failed to explain how Dr. Arrienda and Ms. Padgett's opinion was contradicted by the fact that they opined these limitations existed from the time treatment commenced in June 2014. *See* AR 26. Rather, the ALJ merely stated this fact pointed "toward an adverse conclusion" yet made "no effort" to explain how this fact contradicted their opinion. *See Embrey,* 849 F.2d at at 422; *see also* AR 26. "This approach is inadequate." *Embrey*, 849 F.2d at 422.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 10

1    Defendant argues the ALJ reasonably discounted Dr. Arrienda and Ms. Padgett's opinion
2    for this reason because "Ms. Padgett's first session with Plaintiff was almost a full year" after
3    June 2014, and "Dr. Arrienda's first meeting with Plaintiff was even later than that." Dkt. 17, p.
4    4. The ALJ, however, did not reference such evidence as a basis for discounting this opinion. *See*
5    AR 26. Hence, the Court will not consider Defendant's post hoc rationalization. *See Bray*, 554
6    F.3d at 1225-26; *see also Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the
7    ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may
8    afford the claimant meaningful review of the SSA's ultimate findings.").

9    Lastly, the ALJ discounted Dr. Arrienda and Ms. Padgett's assessment because the ALJ
10   found their opinion regarding Plaintiff's inability to follow simple instructions inconsistent with
11   a mental status examination from a consultative examination and the longitudinal treatment
12   record. AR 26. The ALJ cited a consultative examination from Dr. Stephanie Hanson, Ph.D., to
13   support her proposition. *See* AR 26 (citing AR 430-33). But once again, the ALJ provided
14   conclusory reasoning, as she failed to explain what about Dr. Hanson's mental status
15   examination or the longitudinal treatment record contradicted Dr. Arrienda and Ms. Padgett's
16   opinion. Thus, this vague, conclusory reasoning was legally insufficient. *See McAllister v.*
17   *Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the
18   ground that it was contrary to clinical findings in the record was "broad and vague, failing to
19   specify why the ALJ felt the treating physician's opinion was flawed").

20   In addition to being vague and conclusory, this reason from the ALJ was error because
21   the ALJ gave greater weight to other examinations over Dr. Arrienda and Ms. Padgett's opinion
22   without explanation. "An ALJ errs when [she] rejects a medical opinion or assigns it little
23   weight while . . . asserting without explanation that another medical opinion is more
24

persuasive." *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014). Therefore, the ALJ's final reason for discounting Dr. Arrienda and Ms. Padgett's opinion was not specific and legitimate.

For the above stated reasons, the Court concludes the ALJ failed to provide any specific, legitimate reason, supported by substantial evidence, for discounting Dr. Arrienda and Ms. Padgett's opinion. Hence, the ALJ erred.

Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout*, 454 F.3d at 1055; *see also Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

In this case, had the ALJ properly considered Dr. Arrienda and Ms. Padgett's opinion, the RFC and the hypothetical questions posed to the vocational expert ("VE") may have included additional limitations. For example, the RFC and the hypothetical questions may have reflected Dr. Arrienda and Ms. Padgett's opinion that Plaintiff would be precluded from performing a job or "off-task" for more than 30% of a day. *See* AR 531. The RFC and the hypothetical questions may have also provided Plaintiff would miss five or more days of work per month. AR 531. The RFC and the hypothetical questions posed to the VE did not contain these limitations, nor did they contain limitations reflecting other parts of Dr. Arrienda and Ms. Padgett's opinion. *See* AR 21, 76-80. Because the ultimate disability determination may have changed with proper consideration

of Dr. Arrienda and Ms. Padgett's opinion, the ALJ's error was not harmless and requires reversal.

**II.  Whether the ALJ properly discounted Plaintiff's subjective symptom testimony.**

Plaintiff maintains the ALJ failed to provide a legally sufficient reason to reject Plaintiff's subjective symptom testimony. Dkt. 16, pp. 10-12.

The Court has determined the ALJ committed harmful error in assessing Dr. Arrienda and Ms. Padgett's opinion, and as such, this case must be remanded. *See* Section I., *supra*. Because reconsideration of Dr. Arrienda and Ms. Padgett's opinion may impact the ALJ's treatment of Plaintiff's subjective symptom testimony, the Court declines to consider whether the ALJ erred in her consideration of Plaintiff's testimony. The Court instead directs the ALJ to reassess this testimony as necessary on remand, in light of her treatment of Dr. Arrienda and Ms. Padgett's opinion.

**III.  Whether the ALJ properly assessed the RFC, grids analysis, and Step Five findings.**

Plaintiff contends the ALJ erred by failing to properly assess the RFC, grids analysis, and Step Five findings. Dkt. 16, pp. 4-7, 12-13. The Court has found the ALJ committed harmful error in her assessment of Dr. Arrienda and Ms. Padgett's opinion, and has directed the ALJ to reassess this opinion and Plaintiff's testimony on remand. *See* Sections I. and II., *supra*. Therefore, the ALJ is directed to reassess the RFC on remand. *See* SSR 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective"). As the ALJ must reassess Plaintiff's RFC on remand, the ALJ is further directed to re-evaluate Step Five to determine whether there are jobs

existing in significant numbers in the national economy Plaintiff can perform in light of the RFC. *See Watson v. Astrue*, 2010 WL 4269545, at *5 (C.D. Cal. Oct. 22, 2010) (finding the RFC and hypothetical questions posed to the VE defective when the ALJ did not properly consider two doctors' findings).

**IV. Whether the Court should issue a remand pursuant to sentence six of 42 U.S.C. § 405(g).**

After filing the Opening Brief, Plaintiff submitted a Motion to Remand, arguing remand pursuant to sentence six of § 405(g) is appropriate in light of new, material evidence from Dr. Hopfenbeck. Dkt. 24.

Because the ALJ's RFC finding will be assessed anew following remand – *see* Section III., *supra* – the ALJ is to directed to also evaluate any new evidence on remand, including Dr. Hopfenbeck's report. Accordingly, the Court denies Plaintiff's Motion to Remand (Dkt. 24) as moot.

**V. Whether an award of benefits is appropriate.**

Lastly, Plaintiff requests the Court remand her claim for an award of benefits. Dkt. 16, pp. 1-2.

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292.

In this case, the Court has directed the ALJ to re-evaluate Dr. Arrienda and Ms. Padgett's opinion, Plaintiff's subjective symptom testimony, the RFC, and the Step Five findings. *See* Sections I.–III., *supra*. Because outstanding issues remain regarding the medical opinion evidence, the RFC, the grids, and Plaintiff's ability to perform jobs existing in significant numbers in the national economy, remand for further consideration of this matter is appropriate.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein. Plaintiff's Motion to Remand (Dkt. 24) is denied as moot. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 21st day of August, 2018.

David W. Christel
United States Magistrate Judge